IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**PERNELIA ANN BYRD**                                                  **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 3:21-cv-96-JMV**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                                 **DEFENDANT**

## ORDER

This matter is before the court on Plaintiff's complaint [1] for judicial review of the Commissioner of the Social Security Administration's denial of an application for supplemental security income and disability insurance benefits. The undersigned held a hearing on April 5, 2022 [20]. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and that said decision should be affirmed.

### Standard of Review

The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court has explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, *the threshold for such evidentiary sufficiency is not high*. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added) (citations and internal quotations and brackets omitted).

Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). In applying the substantial evidence standard, the Court "may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Statement of the Case**

Plaintiff protectively filed an application in the present matter on October 3, 2019, alleging her disability commenced on July 14, 2019. She was born on July 17, 1957, was 61 years old at the time of the filing, and 63 years old at the time of the hearing. She has her GED and has past relevant work experience as a security guard for 19 years.

The application was denied at the initial and reconsideration levels and Plaintiff filed a timely request for a hearing. A telephonic hearing was held by ALJ Patricia Melvin. Plaintiff, her attorney, and Courtney Clam, impartial vocational expert, appeared at the hearing. The ALJ issued an Unfavorable Decision in this cause on July 13, 2021.

The ALJ evaluated Plaintiff's claims pursuant to the sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged

onset date of July 14, 2019. At step two, the ALJ found that the Plaintiff had the following severe impairments: spine disorder, hypertension, and obesity. The ALJ also found that the Plaintiff had an unspecified connective tissue disease, gastroesophageal reflux disease, asthma, and anemia. However, she found that these medical conditions were either under medical management, resolved with treatment, or cause no more than minimal functional limitations. At step three, the ALJ found that none of Plaintiff's impairments, either alone or in combination, met or equaled the criteria of an impairment at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings).

The ALJ then assessed Plaintiff's RFC and found that the Plaintiff has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c), except she can occasionally stoop. She can frequently balance, kneel, crouch, crawl, and climb ramps, stairs, ladders, ropes, and scaffolds. *See* [9] at 19.

At step four, the ALJ found that the Plaintiff is capable of performing past relevant work as a corrections officer, DOT 372.667-018, classified as medium (light as actually performed) and semi-skilled (SVP 4). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565). Accordingly, the ALJ found Plaintiff not disabled and denied her applications.

The Appeals Council issued an Order dated March 19, 2021, which affirmed the ALJ's Unfavorable Decision, thereby making it the decision of the Commissioner and the Social Security Administration.

**Discussion**

The Plaintiff raises the following issue on appeal: Did the ALJ err when she found the opinion of the State Agency Medical Consultants persuasive when they never had an opportunity to review evidence that is material to the determination of Plaintiff's claim? For the reasons

explained below, the Court finds that the issue lacks merit and the ALJ's decision should be affirmed.

The RFC assessment is based on "all of the relevant medical and other evidence" (20 C.F.R. § 416.945(a)(3)), including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. SSR 96-8p, 1996 SSR LEXIS 5, at *13-14. The ALJ has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence. *Gonzales v. Astrue*, 231 F. App'x 322, 324 (5th Cir. 2007), citing *Holman v. Massanari,* 275 F.3d 43 (5th Cir. 2001). "Remand is only appropriate 'where there is no indication the ALJ applied the correct standard." *Id*. (citation omitted). The burden is on the party claiming error to demonstrate not only that an error is present, but also that it affected her "substantial rights." *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009).

As previously noted by this Court:

> While the opinions of the state agency physicians are not often given great weight because they do not examine a claimant and they rarely have access to a complete medical record, the ALJ's occasionally rely on them. Also, while it would be a rare case for their opinions alone to provide substantial evidence, the ALJ's find their opinions helpful when they are largely consistent with both the records and the opinions of examining and treating physicians.

*Weatherspoon v. Comm'r of SSA*, 2014 WL 2611546, at *6 (N.D. Miss. 2014); *see also Aldridge v. Berryhill*, 2017 WL 2324828, at *5 (N.D. Miss. 2017) (ALJ did not err by relying on State agency physician opinions that were consistent with subsequent evidence).

This Court is unpersuaded by Plaintiff's argument that the ALJ erred in finding the state agency medical consultants' opinions persuasive because material evidence became available after the consultants issued their opinions. *See Foster v. Comm'r of Soc. Sec.*, No. 4:20-cv-147-RP, 2021 U.S. Dist. LEXIS 175379, at *5 (N.D. Miss. Sept. 15, 2021) ("plaintiff cites no authority –

4

and the court is award of none – for the proposition that when the record contains material evidence subsequent to the administrative medical findings (which is often—if not always—the case), the ALJ may not find such findings to be persuasive.").

With regard to the prior administrative medical findings of the state agency medical consultants, the ALJ found:

> Madena Gibson, M.D., opined that the claimant could perform medium work with occasional stooping and frequent balancing, kneeling, crouching, crawling, and climbing (Exhibit 2A). Louis Saddler, M.D., affirmed the prior opinion upon reconsideration (Exhibit 4A). The undersigned finds the opinions of these State agency medical consultants persuasive to the extent that they are consistent with and supported by the remaining record.

Tr. [9] at 23. Thus, the ALJ recognized that they were persuasive only "to the extent that they are consistent with and supported by the remaining record." The ALJ thoroughly detailed the Claimant's medical history in her opinion, so this is not a situation whereby the ALJ took the prior administrative medical findings at face value without a more thorough analysis of the record as a whole. Tr. [9] at 19-25.

The Commissioner correctly noted that despite Plaintiff's allegations of disabling pain and limitations, she generally had normal motor strength (Tr. [9] at 788, 794, 801, 814, 823), intact sensation, and normal gait and station during treatment visits (Tr. [9] at 725, 735, 788, 793, 794, 801, 814, 822, 823). The Plaintiff reported that she generally walked one mile in approximately thirty minutes for exercise (Tr. [9] at 813), and she testified that she drove on a daily basis (Tr. [9] at 33, 172). Indeed, most of Plaintiff's treatment was relatively conservative in nature, as the record contains no evidence that she received physical therapy (Tr. [9] at 21), steroid injections (Tr. [9] at 14, 21, 19-21, 809, 815), pain management, or surgical intervention. Evidence that a claimant receives conservative pain treatment substantially supports an ALJ's adverse credibility finding against complaints of incapacity and severe pain. *See Parfait v. Bowen*, 803 F.2d 810, 813-14 (5th

Cir. 1986).

The Court notes that there was a physician source statement from Lula Hoskins, N.P., completed on December 17, 2020. *See* Tr. [9] at 854. However, in analyzing Nurse Practitioner Hoskins' statement and finding her opinion unpersuasive, the ALJ found:

> Lula Hoskins, N.P., completed a statement on December 17, 2020. She opined that the claimant could sit for less than two hours in a normal workday and stand or walk for less than two hours in a normal workday. She opined that the claimant could occasionally lift twenty pounds, rarely lift twenty pounds, occasionally lift less than ten pounds, and never lift fifty pounds. She opined that the claimant could frequently stoop and climb two flights of stairs, occasionally twist and crouch, and never climb ladders. She opined that the claimant had significant limitation in performing repetitive reaching, handling, or fingering, but did not elaborate. She further opined that the claimant would miss about four or more days per month secondary to impairments or related medical treatment (Exhibit 9F). The undersigned find this opinion unpersuasive because it is inconsistent with and unsupported by the remaining record. For example, the claimant testified that she had back pain resulting in problems standing and walking for prolonged periods. She alleged the inability to stand more than ten minutes at one time. The record shows that the claimant received intermittent treatment for back pain during the relevant period. On July 17, 2019, an x-ray of the claimant's lumbar spine showed mild-to-moderate degenerative arthritis with no significant interval changes compared to an x-ray performed on September 8, 2015 (Exhibit 3F). The claimant had tenderness to palpation of the lumbar spine during some examinations (Exhibits 1F and 7F), but this pain appeared largely resolved after receiving treatment (Exhibits 2F and 7F). The claimant generally had normal motor strength, intact sensation, and normal gait and station during treatment visits (Exhibits 3F, 5F and 7F). The claimant reported that she generally walked one mile in approximately thirty minutes for exercise (Exhibit 7F), and she testified that she drove on a daily basis. The record contains no evidence that the claimant received physical therapy, steroid injections, pain management, or surgical intervention during the relevant period.

Tr. [9] at 24.

This Court finds that the ALJ did not err in finding Nurse Practitioner Hoskins' statement unpersuasive because she found that it was "inconsistent with and unsupported by the remaining record." *Id.* Instead, the remaining record supported the opinions of the state agency medical consultants.

Here, the mere fact that additional evidence became available after state agency medical consultants issued their opinions does not render their opinions unreliable. Thus, this Court finds that substantial evidence supports the ALJ's decision.

## Conclusion

For the reasons stated above, the undersigned finds that the Commissioner's decision should be and is hereby affirmed.

**SO ORDERED** this, the 11th day of April, 2022.

/s/ Jane M. Virden
United States Magistrate Judge